UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ROBERT ANDERSON,

                Plaintiff,

                - against -

ROBERT F. SULLIVAN,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM & ORDER**
03-CV-4064 (DRH) (MLO)

**A P P E A R A N C E S**

**CARY SCOTT GOLDINGER, ESQ.**
Attorney for Plaintiff
100 Quentin Roosevelt Boulevard, Suite 504
Garden City, New York 11530

**DIAMOND, RUTMAN, COSTELLO & SILBERGLITT**
Attorneys for Defendant
291 Broadway, Suite 1100
New York, New York 10007
By: John Burnett, Esq.

**HURLEY, District Judge:**

*INTRODUCTION*

Plaintiff Robert Anderson brought the present personal injury lawsuit against Defendant Robert Sullivan. Defendant has moved to dismiss the case for lack of personal jurisdiction; for the reasons that follow, his motion is DENIED.

*BACKGROUND*

Plaintiff is a resident of Nassau County, New York. Plaintiff does not dispute

that Defendant is a resident of New Jersey. According to the complaint, on September 30, 2000 Plaintiff sustained physical injury when his car, in which he was a passenger, was struck by Defendant's car at an intersection in Garfield, New Jersey. Plaintiff alleges that Defendant's negligent driving, particularly his excessive speed, caused the collision.

Plaintiff filed the present suit in this Court on August 19, 2003, seeking $2 million in compensatory damages. On September 5, 2003 Plaintiff effected substituted service of process by leaving a copy of the summons and complaint at Defendant's residence in New Jersey. The complaint states that subject matter jurisdiction is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. The complaint does not explain the basis of personal jurisdiction over Defendant. Defendant submitted a verified answer on November 10, 2003. Among the affirmative defenses listed in the answer is an "object[ion] to the jurisdiction of this Court over his person upon Rule 308 of the CPLR on the grounds that service of the Summons and Complaint was not properly effected upon this defendant."

On September 7, 2004, Defendant moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that this Court lacks personal jurisdiction over him because he was served in New Jersey, lives in New Jersey, has his car registered in New Jersey, and was involved in an accident in New Jersey.

*DISCUSSION: Defendant's Rule 12(b)(2) Motion is Untimely*

Upon a *valid* Rule 12(b)(2) motion, a complaint must be dismissed if the plaintiff has failed to demonstrate that the court has personal jurisdiction over the defendant.

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990). The initial, and dispositive, issue in the present case is whether Defendant's 12(b)(2) motion is valid.

"[L]ack of personal jurisdiction is not a defense of right but rather a privileged defense that can be waived 'by failure to assert it seasonably.' " *Fed. Home Loan Mortgage Corp. v. Dutch Lane Assocs.*, 775 F. Supp. 133, 136 (S.D.N.Y. 1991) (quoting *Neirbo Co. v. Bethlehem Corp.*, 308 U.S. 165, 168 (1939)). Under Federal Rule of Civil Procedure 12(b),

> Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading except that the following defenses may at the option of the pleader be made by motion: . . . (2) lack of jurisdiction over the person, . . . (5) insufficiency of service of process, . . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.

Thus, Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction are technically untimely where they postdate the filing of an answer. *See E-Z Bowz, L.L.C. v. Prof'l Prod. Research Co., Inc.*, No. 00 Civ. 8670, 2003 WL 22064259, at *4 n.2 (S.D.N.Y. Sept. 05, 2003); *and Saldanha v. Baidyaroy*, No. 91 Civ. 6413, 1992 WL 147669, at *2-3 (S.D.N.Y. June 15, 1992). In the present case, Defendant clearly moved for Rule 12(b)(2) dismissal *after* serving his answer. His motion would thus seem facially untimely.

Federal courts, however, will generally make an exception to the above rule, and deem a Rule 12(b)(2) motion timely, if the defendant/movant's previously-filed answer expressly includes the lack of personal jurisdiction as an affirmative defense. *See id.*; *see also Allianz Ins. Co. v. Otero*, 2003 WL 262335, at *3 (S.D.N.Y. Jan. 30, 2003) (citing 5A

CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1361, at 444-46 (2d. ed. 1990); and *Molnlycke Health Care AB v. Dumex Med. Surgical Prods. Ltd.*, 64 F. Supp.2d 448, 449 n. 1 (E.D. Pa. 1999)). The key question is whether Defendant's answer does so.

Defendant's motion papers claim that "[i]n the Answer defendant specifically plead[ed] lack of jurisdiction over his person as an affirmative defense." But as already noted, what Defendant's answer *actually* states is that he "objects to the jurisdiction of this Court over his person upon Rule 308 of the CPLR[1] on the grounds that service of the Summons and Complaint was not properly effected upon this defendant." Defendant's motion is therefore timely only if this answer can fairly be said to "expressly include the lack of personal jurisdiction as an affirmative defense." It cannot.

Under New York and federal jurisprudence, the concept of personal jurisdiction is generally thought to encompass two *distinct* ideas: an adequate basis for jurisdiction over the defendant, and fair notice to the defendant. *See Ackermann v. Levine*, 788 F.2d 830, 838 (2d Cir. 1986); *and Karlin v. Avis*, 326 F. Supp. 1325, 1329 (E.D.N.Y. 1971). "Fair notice refers to the notion that process must be served on the defendant 'in a fashion calculated to apprise him that he is being sued, and to afford him an opportunity to litigate.' " *Karlin*, 326 F. Supp. at 1329 (citing *Entwistle v. Stone*, 278 N.Y.S.2d 19 (Sup. Ct. 1967). This element of personal jurisdiction implicates the due process requirements of notice and opportunity to

---

[1] New York CPLR § 308 describes in detail the various methods by which "[p]ersonal service upon a natural person shall be made."

be heard, and finds expression in Section 308 of the New York CPLR. *See Keane v. Kamin*, 723 N.E.2d 553, 554 (N.Y. 1999) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *In re Beckman v. Greentree Sec.*, 663 N.E.2d 886, 888 (N.Y. 1996); and *Dobkin v. Chapman*, 236 N.E.2d 451, 457-58 (N.Y. 1968)).

The other component of personal jurisdiction, presently at issue, "involves the power, or reach, of a court over a party"; and demands that there be "a constitutionally adequate connection between the defendant, the State and the action." *Keane*, 723 N.E.2d at 554-55 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980); and *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 315 (1945)). This element of personal jurisdiction finds expression in Section 302 of the New York CPLR,[2] *see id.*, and the lack of adequate ties between a court and litigant is the basis for a Rule 12(b)(2) motion to dismiss. *See* 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §§ 1351, 1353 (2d ed. 1990).

Under New York law the adequacy of a court's basis for exercising jurisdiction over a person must be considered *independently* of the adequacy of service of process upon that person. *See Keane*, 723 N.E2d at 555 (citing DAVID D. SIEGEL, NEW YORK PRACTICE § 58, at 78 (3d ed. 1999); 2 WEINSTEIN, KORN & MILLER, NEW YORK CIVIL PRACTICE ¶ 308.01)). Similarly, federal case law and the plain language of Rule 12(b) indicate that the inadequacy of service of process and the inadequacy of a court's personal jurisdiction are

---

[2] New York CPLR § 302, New York's "long-arm statute," lists the various acts that are grounds for a New York court to exercise personal jurisdiction over a non-domiciliary.

separate grounds for dismissal under the Federal Rules of Civil Procedure.

As quoted above, Rule 12(b) separates the defense of "(2) lack of jurisdiction over the person" from the defense of "(5) insufficiency of service of process." This suggests that these defenses are not the same, and not meant to be commingled or used interchangeably, as Defendant implicitly suggests. "There would be no reason to separately list insufficient service if the defense of lack of personal jurisdiction subsumed both of them." *U.S. v. Islip*, 22 C.I.T. 852, 857 (1998) (referring to equivalent and identically worded USCIT Rules 12(b)(2) & (4)). And though Rule 12(b) "clearly envisions . . . the joining of one or more of these defenses in a single motion or pleading, it does not imply that any one of the listed defenses may be raised or preserved by raising one of the other listed defenses." *Fed. Home Loan Mortgage Corp. v. Dutch Lane Assocs.*, 775 F. Supp. 133, 137 (S.D.N.Y. 1991).

Numerous cases explicitly support such a conclusion. *See*, *e.g.*, *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000) (Defendant's argument that he previously raised personal jurisdiction defense by claiming that he "had not been properly served" "confuses two separate defenses under Rule 12(b)."); *Yangming Marine Transp. Corp. v. Formost Int'l, Inc.*, No. 88 Civ. 1318, 1990 WL 17729, at *1 (S.D.N.Y. Feb. 16, 1990) ("insufficiency of service of process under Rule 12(b)(5) . . . [is] a quite different defense from lack of jurisdiction over the person under Rule 12(b)(2)"); *and Scriptomatic, Inc. v. Agfa-Gevaert, Inc.*, No. 72 Civ. 4482, 1973 WL 830, at *2 (S.D.N.Y. Jun 28, 1973) (since issues presented by Rule 12(b)(2) and Rule 12(b)(5) motions are different, court considers such motions separately). *See also U.S. v. Islip*, 22 C.I.T. 852, 857 (1998) ("The

majority of courts have held that the two defenses must be raised separately in the first responsive pleading.").

In the present case, by objecting only to "the jurisdiction of this Court over his person upon Rule 308 of the CPLR," Defendant *only* objected to the purported inadequacy of service of process, and did *not* timely object to the purported inadequacy of this Court's jurisdiction over his person. Because Defendant failed to serve his Rule 12(b)(2) motion before serving his answer, and failed to actually raise the inadequacy of this Court's jurisdiction over his person in his answer, his motion must be denied as untimely.

## *CONCLUSION*

For all of the above reasons, the Defendant's motion is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
       May 9, 2005                           /s/_____
                                             Denis R. Hurley
                                             United States District Judge